IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE ANN MAASSEN and WERNER MAASSEN,<br><br>    Plaintiffs,<br><br>  v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>    Defendant.<br>_____/ | No. C-14-0116 MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND; VACATING HEARING** |

    Before the Court is plaintiffs Charlotte Ann Maassen and Werner Maassen's "Motion to Remand Plaintiffs' Complaint to State Court," filed February 7, 2014, and amended February 11, 2014. Defendant Novartis Pharmaceuticals Corporation ("NPC") has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination thereon, VACATES the hearing scheduled for March 14, 2014, and rules as follows.

    Plaintiffs filed the instant action in state court on January 6, 2014, naming therein one defendant, NPC. Two days later, NPC removed the action, asserting the Court has jurisdiction because the parties are diverse in citizenship and because plaintiffs, by the

nature of the allegations made in the complaint, are necessarily seeking damages in excess of $75,000.[1]  See 28 U.S.C. § 1332(a) (providing district court has diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States").

In its notice of removal, NPC states that, as of the time of removal, it had not been served with the summons and complaint.  By the instant motion, plaintiffs contend such removal is procedurally improper because it occurred prior to plaintiffs' having effectuated service of process on NPC.

Removals are governed by 28 U.S.C. § 1441(a), which provides as follows:  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  See 28 U.S.C. § 1441(a).  Here, as noted, NPC asserts the Court has diversity jurisdiction over plaintiffs' complaint, and plaintiffs do not dispute NPC's showing regarding either the citizenship of the parties or the amount in controversy.  As noted, however, plaintiffs contend NPC nonetheless is precluded from removing the action until it has been served with process.  In support thereof, plaintiffs rely on 28 U.S.C. § 1446(b), which, in relevant part, provides as follows:  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  See 28 U.S.C. § 1446(b).

//

---

[1] Plaintiffs allege, inter alia, that a result of a defective drug manufactured and sold by NPC, plaintiff Charlotte Ann Maassen has "suffered osteonecrosis of the jaw, including pain, exposed bone, infection, and disfigurement."  (See Compl. ¶¶ 2, 21, 25.)

Although § 1446(b) sets forth the deadlines by which a defendant must remove a complaint, and ties those deadlines to service of process, see Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (holding 30-day deadline to remove set forth in § 1446(b) is "triggered by" service of summons and complaint and not by earlier "receipt of the complaint unattended by any formal service"), plaintiffs fail to cite any authority supporting their argument that § 1446(b) prohibits a defendant from removing a complaint prior to such service.[2] Further, the courts that have considered the issue have found service of process is not a prerequisite to removal. See, e.g., Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000) (interpreting § 1446(b) as allowing defendant named in state court complaint to remove action irrespective of whether defendant had been served); Whitehurst v. Wal-Mart, 306 Fed. Appx. 446, 448 (11th Cir. 2008) (holding "nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal"); City of Ann Arbor Employees' Retirement System v. Gecht, 2007 WL 760568, *9 (N.D. Cal. March 9, 2007) (holding issue of whether removing defendant had been "served" prior to removal was "immaterial," because "[p]rocedurally, [the removing defendant] could remove whether or not he had been 'served'"). The Court finds such authorities persuasive, and, consequently, finds plaintiffs have failed to show the subject removal was procedurally improper.

In their reply, plaintiffs, relying on 28 U.S.C. § 1447(e), argue that the Court has discretion to remand the complaint. Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." See 28 U.S.C. § 1447(e). Plaintiffs assert that, if the instant action is remanded, they will then move in state court to have it consolidated with another action they previously filed therein against a physician and a hospital, both citizens of California. Section 1447(e),

---

[2] In their reply, plaintiffs cite several cases in which the court addressed the question of whether a defendant, who had been served with process, waited too long to remove an action; those courts had no occasion to consider, and did not consider, whether a defendant is precluded from removing an action before service of process.

however, applies when a plaintiff in a removed action seeks to join a non-diverse defendant while the case is pending in the federal court. See Yniques v. Cabral, 985 F.2d 1031, 1035 (9th Cir. 1993) (holding "[s]ection 1447(e) and Rule 19 in combination expand the district court's options for dealing with an attempt to join a necessary, non-diverse party where the case has been removed to federal court"). Under those circumstances, if the district court exercises its discretion to allow such joinder, by which diversity is destroyed, the district court is required to remand the case to state court. See id. Here, plaintiffs have not moved to amend to add a non-diverse defendant, and, consequently, § 1447(e) is inapplicable.

Accordingly, the motion to remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 6, 2014

_____
MAXINE M. CHESNEY
United States District Judge